ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 2 0 2021

JAMES N. HATTEN, Clerk
By: _____
                      Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENIS ONDERI MAKORI | Criminal Indictment<br><br>No. 1:21CR-145 |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### Money Laundering Conspiracy

1. At all material times herein, persons known and unknown engaged in a fraudulent business email compromise ("BEC") scheme to deceive a university located in Pennsylvania ("Pennsylvania university") into sending payments totaling more than $2 million via Automated Clearing House ("ACH") to a bank account controlled by the defendant, DENIS ONDERI MAKORI, rather than to the intended beneficiary of such payments, a medical supply company based in Alpharetta, Georgia ("Georgia company") with which the Pennsylvania university had a long-standing business relationship.

2. In furtherance of the BEC scheme, a fraudulent email was sent to the Pennsylvania university that purported to be from the Georgia

company, but in truth and fact, the email was not sent or authorized by the Georgia company. Instead, the fraudulent email was sent from an email account that was designed to create the false appearance that it was associated with the Georgia company.

3. The fraudulent email contained ACH payment instructions that fraudulently directed the Pennsylvania university to transfer payments to an account that purportedly belonged to the Georgia company, but in truth and fact, was controlled by MAKORI. The false and deceptive representations made as part of the BEC scheme caused the Pennsylvania university to transfer more than $2 million in United States currency to a bank account controlled by MAKORI.

4. In furtherance of the BEC scheme, MAKORI moved and laundered the funds that had been fraudulently obtained from the Pennsylvania university between and among bank accounts associated with a logistics company based in Powder Springs, Georgia, which MAKORI controlled. MAKORI then moved, laundered, and withdrew the funds to bank accounts in Kenya, to himself, and to other persons associated with him.

5. Beginning on or about September 13, 2017, and continuing until on or about December 22, 2017, in the Northern District of Georgia and elsewhere, the defendant, DENIS ONDERI MAKORI, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with persons known and unknown to the Grand Jury to commit an offense against the United States in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), that is, to knowingly conduct and attempt to conduct a financial transaction in and affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, conspiracy to commit wire fraud and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; all in violation of Title 18, United States Code, Section 1956(h).

## COUNTS TWO THROUGH TWENTY-THREE
### Money Laundering

6. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 4 of this Indictment as if fully set forth here.

7. On or about the dates specified in Column A of the table below, in the Northern District of Georgia and elsewhere, the defendant, DENIS ONDERI MAKORI, aided and abetted by others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction in the amount specified in Column B of the table below, in and affecting interstate and foreign commerce, that is, a transaction involving the use of a financial institution which is engaged in, and the activities of which affect, interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to commit wire fraud and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Column A | Column C |
|---|---|---|
| Two | October 6, 2017 | $85,000.00 |
| Three | October 18, 2017 | $14,382.25 |
| Four | October 27, 2017 | $18,960.00 |
| Five | October 27, 2017 | $24,650.00 |
| Six | October 30, 2017 | $8,675.25 |
| Seven | October 31, 2017 | $62,237.00 |
| Eight | November 1, 2017 | $16,560.62 |
| Nine | November 3, 2017 | $75,163.39 |
| Ten | November 3, 2017 | $89,350.71 |
| Eleven | November 6, 2017 | $65,139.32 |
| Twelve | November 9, 2017 | $32,165.25 |
| Thirteen | November 10, 2017 | $37,850.75 |
| Fourteen | November 14, 2017 | $26,285.75 |

| | | |
|---|---|---|
| Fifteen | November 14, 2017 | $76,295.60 |
| Sixteen | November 15, 2017 | $76,160.75 |
| Seventeen | November 22, 2017 | $80,125.25 |
| Eighteen | November 24, 2017 | $85,290.70 |
| Nineteen | November 24, 2017 | $72,620.30 |
| Twenty | November 24, 2017 | $78,286.30 |
| Twenty-One | November 27, 2017 | $62,510.50 |
| Twenty-Two | November 27, 2017 | $84,285.50 |
| Twenty-Three | November 28, 2017 | $17,385.50 |

each in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## FORFEITURE PROVISION

Upon conviction of one or more of the offenses alleged in Counts One through Twenty-Three of this Indictment, the defendant, DENIS ONDERI MAKORI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Twenty-Three of this Indictment.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

//
//
//

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A ___TRUE___ BILL

_____
FOREPERSON

KURT R. ERSKINE
  *Acting United States Attorney*

*Ryan M. Christian*
RYAN M. CHRISTIAN
  *Assistant United States Attorney*
Georgia State Bar No. 227657
Richard Russell Federal Building
75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000; Fax: (404) 581-6181

8